IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-4-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| HEMZA MENADE LEFSIH | ) | |

This cause comes before the Court on defendant's Motion to Revoke Pretrial Detention Order. [DE 34]. In the underlying case, defendant is charged with knowingly making a false statement under oath in a matter relating to naturalization, citizenship, or registry of aliens, in violation of 18 U.S.C. § 1015(a). [DE 14]. For the reasons below, defendant's motion is DENIED.

The Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, favors pre-trial release. *See* Bail Reform Act of 1966 (amended 1984), Pub.L. 89-465 § 2 (stating that the purpose of the Act "is to revise the practices relating to bail to assure that all persons, regardless of their financial status shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice, nor the public interest"). To detain a defendant when there is no rebuttable presumption of detention, the Government must prove by a preponderance of the evidence that the defendant's release would present the risk that he would not appear for trial and/or by clear and convincing evidence that the defendant's release would present a danger to the community. *See* 18 U.S.C. § 3142(e), (f).

This Court must review the Magistrate Judge's findings *de novo* and make an independent determination of the proper pre-trial detention or conditions of release for defendant. *United States v. Stewart*, 19 Fed.Appx. 46, 48 (4th Cir. 2001). Here, Magistrate Judge

Swank found, by clear and convincing evidence, that defendant presents a danger to the community and, by a preponderance of the evidence, that defendant poses a risk of flight.

A hearing was held on defendant's motion on April 5, 2016, in Raleigh, North Carolina. At the hearing, the government emphasized that risk of flight was the primary basis for seeking detention. The Court finds that this is a sufficient basis, and the government has demonstrated flight risk by a preponderance of the evidence. Two primary reasons support the Court's decision. First, as the government made clear at the hearing, defendant may be subject to deportation if he is convicted of the charges against him at trial, and the government has stated that it plans to seek defendant's deportation. These high stakes could provide strong incentive to flee. Second, defendant has no familial ties in this district or in the United States. This, too, contributes to defendant's risk of flight. Accordingly, the Court finds, by a preponderance of the evidence, that defendant poses a risk of flight.

Defendant's motion is DENIED, and Magistrate Judge Swank's detention order is AFFIRMED. [DE 34]. Defendant's motion to amend is DENIED AS MOOT. [DE 35]. Defendant will remain in the custody of the United States Marshal pending trial on April 27, 2016.

SO ORDERED, this _12_ day of April, 2016.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE