IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-4-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HEMZA MENADE LEFSIH | ) | |

This cause comes before the Court on defendant's amended Motion to Continue Trial [DE 65] and defendant's Motion to Temporarily Seal Documents [DE 61]. The government opposes both motions.

I.    Motion to Continue

Defendant's first argument for a continuance is that he has had and will have insufficient time to prepare to testify in his own defense. The Court agrees with the government that defendant and defense counsel should have been preparing for this possibility all along. The Court also notes that the government's response that apparently led to defendant's decision to testify was filed nearly a week before trial began and that counsel will have sufficient time to confer with defendant when both are present for trial. Accordingly, the Court, in its discretion, finds a continuance is unnecessary. The motion on that ground is properly denied.

Defendant's second argument for a continuance is that Elizabeth City, North Carolina, and surrounding areas cannot provide a fair cross-section from which to select a jury. This argument is defeated by the contents of defendant's own motion. Defendant states that a prima facie case for a fair cross-section challenge requires demonstrating that

> (1) the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this

underrepresentation is due to the systematic exclusion of the group in the jury-selection process.

*State v. Williams*, 355 N.C. 501, 549 (2002) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)). However, defendant has not met even one of these requirements. Defendant's argument identifies the "Foreign-Born Population" and immigrant population as the proposed distinctive group. However, defendant pleads no facts to demonstrate, for example, similar attitudes, beliefs, experiences, or shared interests across all foreign-born people at issue which create a distinctive group. *See United States v. Raszkiewicz*, 169 F.3d 459, 463 (7th Cir. 1999). Moreover, even if this were a distinctive group, the Court notes that defendant's arguments as to the second and third factors are bald assertions completely devoid of any factual support. Thus, the motion to relocate the trial to Raleigh, North Carolina, is also properly denied.

II.     Motion to Temporarily Seal Certain Documents

Defendant also moves to place under seal, temporarily, certain documents to prevent a juror or family member from searching the internet during trial, locating PACER, and reading documents containing unfavorable information concerning defendant's character. [DE 61]. Under the common law, defendant would have to demonstrate a significant interest outweighing the presumption of public access to judicial records. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Additionally, any constitutional right to access can only be denied in the face of a compelling governmental interest and if the denial is narrowly tailored to serve that interest. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Here, defendant has not demonstrated that there is a sufficiently significant or compelling interest to warrant the remedy he seeks. Moreover, the Court notes that this concern is entirely speculative at present and, should the Court become concerned that jurors or family members

2

might attempt such actions, the Court could specifically instruct not to do so. Defendant has shown no reason why such a measure would be insufficient.

## CONCLUSION

For the reasons detailed above, defendant's motions are denied. [DE 61, 65]. Defendant's motion to seal is granted. [DE 62]. Defendant's first motion to continue trial is denied as moot. [DE 64]. The trial will proceed as scheduled, beginning at 2:00 PM on Wednesday, April 27, 2016, in Elizabeth City, North Carolina.

SO ORDERED, this **27** day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:16-cr-00004-BO   Document 67   Filed 04/27/16   Page 3 of 3