IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-4-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| HEMZA MENADE LEFSIH | ) | |

This cause comes before the Court on defendant's renewed motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. [DE 75]. The government responded in opposition, and the Court ruled at sentencing that the instant motion is DENIED. The government has dismissed two of the counts (One and Three) of which a jury found defendant guilty, so the instant order applies only to the remaining counts (Two and Four). The Court now expands on its decision to deny the motion for judgment of acquittal.

BACKGROUND

This matter went to trial in Elizabeth City, North Carolina, on April 27, 2016. After the close of the government's evidence, counsel for defendant made an oral motion pursuant to Rule 29. The Court reserved its ruling on the motion.[1] Defendant then presented evidence by testifying. After the close of all evidence, closing arguments, jury instructions, and deliberation, the jury returned a verdict of guilty on all counts. At this time defendant renewed the oral motion pursuant to Rule 29. The motion was denied, and sentencing was scheduled.

Prior to sentencing, defendant filed the instant renewed motion pursuant to Rule 29. The government responded in opposition, and the matter was discussed at defendant's sentencing hearing before ultimately being denied by the Court. Defendant was sentenced to time served.

---

[1] The clerk is accordingly directed to correct DE 71 to reflect the Court's ruling.

## DISCUSSION

Federal Rule of Criminal Procedure 29(a) states, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When, as here, the Court reserves such a decision, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b). Once the jury has rendered a verdict, it "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (U.S. 1942). "In other words, [the Court] must not embark on the task of re-weighing the evidence or assessing the credibility of the witnesses" but "determine whether any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." *United States v. Tucker*, 537 Fed. Appx. 257, 262 (4th Cir. 2013) (citing *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007); *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982)). Indeed, "to sustain a verdict under this standard, the court itself need not 'be convinced beyond a reasonable doubt of the guilt of the defendant.'" *United States v. Wynn*, 2011 WL 2682124, at *2 (D.S.C. July 11, 2011), *aff'd*, 684 F.3d 473 (4th Cir. 2012), (quoting *White v. United States*, 279 F.2d 740, 748 (4th Cir.1960)).

Given this high bar and "heavy burden," the Court elects not to disturb the jury's verdict. *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995).

## CONCLUSION

The Court denied the Rule 29 motion for the reasons discussed above.

SO ORDERED, this __8__ day of June, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE